DISRUDE, *Respondent,*
*v.*
COMMERCIAL FISHERMEN'S INTER-
INSURANCE EXCHANGE, *Appellant.*
(No. 75-883, SC 24817)

570 P2d 963

Lynn W. McNutt, of McNutt, Gant & Ormsbee, Coos Bay, argued the cause and filed briefs for appellant.

William F. White, Portland, argued the cause for respondent. With him on the brief was Stephen H. Miller, Reedsport.

Before Denecke, Chief Justice, Holman and Howell, Justices, and Campbell, Justice Pro Tempore.

DENECKE, C. J.

## DENECKE, C. J.

The controversy concerns the interpretation of a hull policy of marine insurance.

In December 1974 the defendant insurance company insured a fishing vessel. The policy recited that the "agreed valuation" of the vessel was $25,000 and the amount of insurance on the vessel was $25,000. The plaintiff, the owner and the insured, made improvements to the vessel increasing the value of the vessel to $44,000. In February 1975 the vessel was partially destroyed by fire. Plaintiff made repairs in the agreed and reasonable amount of $25,000. The plaintiff contends he is entitled to $25,000 less a deductible. The insurance company has tendered the amount it contends to be due, $13,000. The insurer computed the amount by multiplying the cost of repairs by a fraction composed of the agreed value, $25,000, over $44,000, the value at the time of loss, less the deductible.

The facts were stipulated and the trial court granted summary judgment to plaintiff for $25,000 less the deductible. The defendant appeals. We affirm.

The policy provides: "This policy is to be subject to the English Law and Usage as to Liability for and settlement of any and all claims."[1]

The parties, the English cases and English marine insurance writers present some tantalizing problems barnacled by the antiquity of this field of the law.[2] Fortunately, the case can be decided without answering most of these puzzles.

---

[1] The plaintiff does not contest that his claim is to be decided according to English Law and Usage.

[2] "The obscurity of the traditional statement of rules concerning the measure of recovery in marine insurance tempts those who master it to preserve its labyrinths as an ordeal of initiation for others who dare to intrude. * * *." Robert Keeton, Basic Text on Insurance Law, 131, § 3.6(b) (1971).

[ 247 ]

Marine insurance varies from fire and other kinds of insurance in that owners frequently intentionally do not insure the full value of the vessel or the cargo.

"First, marine insurance, unless in an amount as great as the 'value' of the property insured, is customarily coinsurance. If the underwritten amount (*i.e.,* the stated amount of insurance) is less than the 'value' (to be explained presently) of the cargo that is the subject of insurance, the owner is a coinsurer in the sense that he bears a percentage of the risk. For example, if he takes insurance in an amount that is 75% of the value, he bears 25% of the risk and recovers from the underwriter only 75% of the 'loss' (to be explained presently). * * *." (Footnote omitted.) Keeton, *supra,* at 132.

We will assume without deciding that the insurer is correct that the English Marine Insurance Act of 1906 provides that the coinsurance principle is applicable to partial losses to vessels; that is, stated imprecisely, that the insured is not entitled to recover the full amount of his partial loss if he carries insurance in a lesser amount than the value (of some nature) of the vessel.

The insurance company contends that the value of the vessel to be used in applying a coinsurance formula is the actual value after improvement, $44,000. The plaintiff contends we must use the "agreed valuation," $25,000. We are of the opinion the plaintiff is correct.

Section 27 of the English Marine Insurance Act, 1906 provides:

"(1) A policy may be either valued or unvalued.

"(2) A valued policy is a policy which specifies the agreed value of the subject-matter insured.

"(3) Subject to the provisions of this Act, and in the absence of fraud, the value fixed by the policy is, as between the insurer and assured, conclusive of the insurable value of the subject intended to be insured, whether the loss be total or partial."

The cases have held that this means what it says; that is, in the absence of fraud, neither party can

object to the agreed value. Gilmore & Black, Law of Admiralty, ch II, p 87; Winter, Marine Insurance, p 137 (1919). In this case the parties fixed an "agreed valuation" of $25,000; no fraud was claimed.

The formula for determining the amount to be paid for a partial loss to a vessel is the amount of the loss multiplied by a fraction composed of the amount of insurance over the agreed or stipulated value of the vessel. In this case that formula is

$$\$25,000 \text{ (loss)} \times \frac{\$25,000 \text{ (amt of ins)}}{\$25,000 \text{ (agreed value)}} = \$25,000 \text{ (to be paid insured).}$$

If the amount of insurance had been less than the agreed valuation, the insured would have received less than the amount of his loss.

After discussing the English formula for general average, Professor Keeton writes:

"* * * A different formula applies, however, to *particular* average [partial loss to one interest]. Liability for the latter can be computed by multiplying the loss by the 'fraction of coverage' at commencement of the voyage, determined through a comparison between the underwritten amount and stipulated value (if the policy is valued) or prime value (if the policy is unvalued); * * *." Keeton, *supra,* at 135.

Winter, Marine Insurance, *supra,* at 322, is to the same effect. 10 Arnould, British Shipping Laws, 1024 (1961), states the same formula:

"The rule for adjusting a particular average loss on the ship is very simple, viz., that in open policies the underwriter pays the same aliquot part of the sum he has agreed to insure, as the damage or the expense of repairing it is of the ship's value at the commencement of the risk; in valued policies he pays the same proportion of the valuation in the policy."[3]

---

[3] The insurer relies upon *Elcock v. Thompson,* 2 K B 755 (1949) (a fire policy on a mansion) and *Irvine v. Hine,* 1 K B 555 (1950) (a hull policy). These decisions may be contrary to our holding; however, neither seems to distinguish between the amount of insurance and the agreed value.

If an insurer desired to base the coinsurance formula on the actual value at the time of loss it could certainly do so by so providing in the policy. We hold, however, that under the British law, which the insurer provided would apply, the stipulated or agreed value is the correct factor to be used in the formula.

Affirmed.